# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CRIMINAL CASE NO. 3:08cr259-5

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| LATOYA MOORE. | ) | |

**THIS MATTER** is before the Court on the Motion of Petitioner for Modification or Reduction of Sentence based upon an Intervening Post-Sentencing Change in the United States Sentencing Guidelines pertaining to Specific Offender Characteristics (Amendment 2) 5H1.3 [Doc. 292]; Motion to Proceed *Forma Pauperis* [Doc. 293]; and Motion to Proceed *Pro Se* [Doc. 294].

On November 4, 2009, the Defendant was sentenced to a total term of 65 months imprisonment in connection with her convictions for conspiracy to commit wire fraud and aggravated identity theft, in violation of 18 U.S.C. §§1349 & 1028(A). [Doc. 192; Doc. 278]. She did not file a direct appeal.

In the motion to reduce, the Defendant claims that the Fair Sentencing

Act of 2010 (FSA), Pub. L. 111-200, warrants a reduction in her sentence pursuant to 18 U.S.C. §3582(c)(2). That statute provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., upon motion of the defendant ... the court may reduce the term of imprisonment[.]

18 U.S.C. §3582(c)(2).

The Defendant cites amendments to U.S.S.G. §§5H1.1, 5H1.3 and 5H1.4 and claims that she should receive a sentence reduction based on her mental health and drug abuse. The amendments to these guidelines are contained with Appendix C, amendment 739 to the sentencing guidelines. U.S.S.G. §§5H1.1, 5H1.3 and 5H1.4.

Section B1.10 of the Guidelines provides for a sentence reduction for a defendant whose guideline range is subsequently lowered as a result of an amendment to the guidelines "listed in subsection (c)." U.S.S.G. §1B1.10(a). Thus, an amendment to the guidelines may not be applied retroactively unless it is listed in U.S.S.G. §1B1.10(c). United States v. McHan, 386 F.3d 620, 622 (4th Cir. 2004); United States v. Millhouse, 2010 WL 4338383 (E.D.N.C. 2010). Amendment 739 is not listed in subsection (c) and therefore, the Defendant is not entitled to a sentence reduction. Id. ("As of the date of this order, there is no amendment listed in U.S.S.G. §1B1.10(c) that lowers a guideline range on account of the FSA."). The Defendant's motion will therefore be denied.

The denial of this motion renders moot the other two motions.

**IT IS, THEREFORE, ORDERED** that the Motion of Petitioner for Modification or Reduction of Sentence based upon an Intervening Post-Sentencing Change in the United States Sentencing Guidelines pertaining to Specific Offender Characteristics (Amendment 2) 5H1.3 [Doc. 292] is hereby **DENIED**.

**IT IS FURTHER ORDERED** that the Defendant's Motion to Proceed *Forma Pauperis* [Doc. 293] and Motion to Proceed *Pro Se* [Doc. 294] are hereby **DENIED** as moot.

Signed: November 11, 2010

Martin Reidinger
United States District Judge